```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/27/2021__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
RAFAEL VELEZ,

                Plaintiff,

-against-

MAM TRUCKING SERVICES INC.,
NOELVIS CASTELLANOS, NR TRUCKING
SERVICES INC. and ELMER FERNANDEZ
GRANADOS,

                Defendants.

21 Civ. 316 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Rafael Velez, commenced this case in Supreme Court, Bronx County, asserting claims under state law, and seeking monetary damages for injuries arising from a car accident. Compl., ECF No. 1-2. Claiming that Defendants are residents of Florida and New York, that Plaintiff is a resident of New Jersey, and the amount in controversy exceeds $75,000, Defendants removed the action to this Court, pursuant to 28 U.S.C. § 1441. Notice of Removal ¶¶ 7, 11, 13, ECF No. 1. Plaintiff then moved to remand the action to state court. ECF No. 7. For the reasons stated below, the motion is GRANTED and the case is remanded.

## BACKGROUND

According to the complaint filed in Supreme Court, Bronx County, on October 1, 2020, Plaintiff alleges that he sustained "serious, severe, and permanent" injuries in a car accident involving Defendants on March 22, 2019. Compl. at 1, ¶¶ 56–60; *see also* Notice of Removal ¶ 11.

On January 13, 2021, Defendants removed the action to this Court on the basis of diversity jurisdiction. Notice of Removal ¶¶ 7, 11, 13 ("Defendants . . . notice the removal of this action on the grounds that it is between the citizens of different states and allegedly

involves a claim in excess of $75,000.00[.]").

When Plaintiff filed this action, he did not allege his domicile or residence, just that he worked for a New York company, and that he was driving his employer's car with a New York state registration number at the time of the accident. Compl. ¶¶ 48–50. Plaintiff now maintains that he was domiciled in New York when he filed this lawsuit. He avers that, at that time, he was a New York resident, Velez Aff. ¶ 3, ECF No. 7-7, that he was employed in New York, *id.* ¶ 2, and that he kept all of his personal belongings in New York, *id.* ¶ 3. His landlord states that Plaintiff rented a room from her and her mother in New York from June 2016 until November 2020. Cabargas Aff. ¶ 2, ECF No. 7-8. Plaintiff has submitted (1) a cell phone bill in his name, dated October 11, 2020, and bearing the address of his New York apartment at the top, ECF No. 7-12, and (2) an E-ZPass bill in his name, covering November 2019 through January 2020, also addressed to his New York apartment, ECF No. 7-13. In addition, Plaintiff has New York car insurance, ECF No. 8-7, and saw medical providers in New York, ECF Nos. 8-8–8-9.

Plaintiff avers that he has continuously lived in New York since 2016 and that his sister lived in New Jersey until September 2020. Velez Aff. ¶¶ 2–6. He states that he did not live in New Jersey on the date of the accident, the date he filed his complaint, or the date of removal. *Id.* ¶ 7. Plaintiff avers, and his sister concurs, that his sister helped him "with personal matters while she lived in New Jersey" and that he received some of his mail at her address. *Id.*; Granada Aff. ¶ 3, ECF No. 7-9.

On the other hand, Plaintiff listed an address in New Jersey on the accident report. ECF No. 8-4. He also listed a New Jersey address on his car insurance forms and a medical release form, although he purchased New York car insurance coverage and his medical

providers were located in New York.  ECF Nos. 8-7–8-9.  Finally, Plaintiff visited one doctor in New Jersey.  ECF No. 8-10.

## DISCUSSION

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Under 28 U.S.C. § 1441, a defendant may "remove an action to the United States District Court in any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quotation marks and citation omitted).  "Congress has granted district courts original jurisdiction over cases in which there is a federal question . . . and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met[.]"  *Id.* (citing 28 U.S.C. §§ 1331, 1332).

"A party seeking removal bears the burden of showing that federal jurisdiction is proper."  *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).  "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 715 (S.D.N.Y. 2007) (citations omitted).

For purposes of diversity jurisdiction, a person's citizenship is determined by his domicile at the time the complaint was filed.  *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830 (1989); *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998).  Domicile requires the party's physical presence in the state and the intent to remain there indefinitely.  *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1227 (S.D.N.Y. 1991) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).  "Domicile has been defined

generally as a person's 'home' or permanent base of operations." *Id*. (citation omitted). "Although a person may have more than one residence, [he] may only have one domicile at any one time." *Id.* (citation omitted). Where there is evidence that the party has more than one residence, courts should focus on the party's intent. *See id.* (citing *Brignoli v. Balch, Hardy & Scheinman, Inc.*, 696 F. Supp. 37, 41 (S.D.N.Y. 1988)). "To ascertain intent, a court must examine the entire course of a person's conduct in order to draw the necessary inferences as to the relevant intent." *Brignoli*, 696 F. Supp. at 41 (quotation marks and citation omitted). Thus, courts must consider the "totality of the evidence" to determine a party's domicile, including location of physician and location of personal belongings. *Nat'l Artists Mgmt. Co.*, 769 F. Supp. at 1228; *Bos. Safe Deposit & Tr. Co. v. Morse*, 779 F. Supp. 347, 349 (S.D.N.Y. 1991). A party's own statements about his intent are also relevant, but are only given limited weight if they conflict with objective facts indicating contrary intent. *Nat'l Artists Mgmt. Co.*, 769 F. Supp. at 1227–28.

Although there is limited evidence indicating that Plaintiff resided in New Jersey—Plaintiff listed a New Jersey address on three forms and visited a New Jersey doctor, ECF Nos. 8-7–8-10—all other evidence suggests that Plaintiff intended to remain in New York indefinitely at the time this action was filed. Defendants' evidence points to this conclusion. The forms Defendants submitted that apparently provide "ample proofs that Plaintiff resides in New Jersey," Def. Opp'n at 5, ECF No. 8, also show that Plaintiff's doctors are based in New York and that he has New York vehicle insurance. ECF Nos. 8-7–8-9. Plaintiff attests that, at the time he filed his lawsuit, he was a New York resident, Velez Aff. ¶ 3, he was employed in New York, *id.* ¶ 2, and he kept all of his personal belongings in New York, *id.* ¶ 3. His landlord has confirmed that Plaintiff rented a room in New York from June

4

2016 until November 2020. Cabargas Aff. ¶ 2. Plaintiff also submitted bills in his name, covering the date he filed his lawsuit, and bearing the address of his New York apartment. ECF Nos. 7-12–7-13.

Although Plaintiff's statements of his intent are not dispositive, they do not contradict any evidence Defendants have put forth. Plaintiff avers that he has continuously lived in New York since 2016 and that his sister lived in New Jersey until September 2020. Velez Aff. ¶¶ 2–6. He explains, and his sister concurs, that his sister helped him "with personal matters while she lived in New Jersey" and that he received some of his mail at her address. *Id.*; Granada Aff. ¶ 3.

On balance, considering the totality of the evidence, the Court finds that Plaintiff intended to remain in New York indefinitely when he filed this lawsuit on October 1, 2020. Plaintiff, therefore, was domiciled in New York when this action was filed. Because Defendants NR Trucking Services Inc. and Elmer Fernandez-Garcia were also domiciled in New York, Notice of Removal ¶ 7, the citizenship of the parties is not diverse. Accordingly, the Court lacks subject matter jurisdiction and the matter is REMANDED to Supreme Court, Bronx County.

## **CONCLUSION**

For the reasons stated above, the matter is REMANDED to Supreme Court, Bronx County. The Clerk of Court is directed to remand the case to Supreme Court, Bronx County and close the case.

SO ORDERED.

Dated: April 27, 2021
       New York, New York

                                            ANALISA TORRES
                                        United States District Judge